Hill, P. J.
(concurring). Appeal by the widow of a deceased employee from a decision of the Workmen’s Compensation Board that it was precluded under section 123 of the Workmen’s Compensation Law from considering her application for *455 death benefits and was without jurisdiction on account of the lapse of time and the earlier disallowance of the claim. The board finds that decedent Edward J. Eoder sustained accidental injuries on August 24, 1935, continued to work until August 29th, was disabled until September 3d when he returned to his employment, and continued until his death on September 12, 1935. The appellant widow on behalf of herself and minor children filed a claim on September 23, 1935, for death benefits. f
The findings of fact and decision dated June 23, 1945, from which this appeal is taken, state: “ A trial on the merits were (sic) .had and the issue of causal relation between the aforesaid accidents of August 24, 1935 and September 12, 1935 and the death of Edward J. Eoder were fully litigated ”. That on October 13, 1936, a referee rendered a decision on the merits disallowing the claim, which was affirmed on June 1, 1937, and no appeal taken. Further quoting from the findings: “ On August 21, 1942 the claimant-appellant through her attorney, filed an application with the Workmen’s Compensation Board to reopen the within case to afford her an opportunity to produce expert medical testimony on the question of causal relationship between the death of the decedent and the accidents aforesaid ’ ’ and thereafter a verified medical report was filed.
The board finds that the application (August 21, 1942) was filed more than seven years from the date of the accidents and death of Edward J. Eoder. A computation shows the arithmetical error of this finding, as the first accident occurred on August 24, 1935, three days less than seven years, and the second oh September 12th of the same year, more than twenty days less than seven years.
The briefs discuss sections 25-a and 123 of the Workmen’s Compensation Law and whether they are in conflict or may be reconciled. The first sentence of section 25-a contains the following: “ when an application for compensation is made by an employee or for death benefits in behalf of the dependents of a deceased employee, and the employer has secured the payment of compensation * * * (1) after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim has been otherwise disposed of without an award of compensation, or (2) after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation, or (3) where death resulting from the injury shall occur after the time limited by the fore *456 going provisions of (1) or (2) shall have elapsed (a clause is here omitted which is later discussed) testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund provided by this section.”
The foregoing does not apply to the facts under consideration because seven years did not elapse in the present case between the accident and appellant’s application which was followed by the decision appealed from. There was omitted from the above quotation “ subject to the provisions of section one hundred and twenty-three of this chapter ”, (which seems meaningless) ; also the section begins with a clause which was omitted: “ Notwithstanding other provisions of this chapter ”.
Section 123 contains two sentences dealing with different subjects. The first, “ The power and jurisdiction of the board over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just, except that, where the employer has secured the payment of compensation in accordance with the provisions of section fifty of this chapter, no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death.”
This, in view of the second sentence of the same section, which will later be quoted, seems to apply to the general power of the board to exercise its continuing jurisdiction to correct errors when no application is made by a claimant. It contains no mention of “ an application ”. In this it is at variance with the second sentence of the same section: “ Nor shall any award of compensation or death benefits be made against the special fund provided in section twenty-five-a of this chapter or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation.” (Italics supplied.)
These two sentences seem to be in conflict unless we give consideration to the word “ application ” in the second sentence, which is omitted in the first. Likewise, section 25-a is appli *457 cable “ when an application for compensation is made ”, etc.
Unless the first sentence of section 123 applies only when no “ application ” has been made, a claimant or the representative of a deceased claimant who had made application long before the lapse of seven years, would be denied benefits when the decision allowing an award was made after seven years because of the number of witnesses or the dilatoriness of the board.
An award should not be made against the Special Fund because the application was made within seven years after the injury and death, and it having been made within that period, it may be heard' against the employer and carrier. The board was in error when it found that it was without jurisdiction.
Decision reversed on the law and facts insofar as it is determined that the board is without jurisdiction to hear the foregoing claim as against the employer and carrier, with costs to the appellant against the Workmen’s Compensation Board, and the matter is remitted to the board for consideration.
Brewster and Lawrence, JJ., concur with Foster, J.; Hill, P. J., and Heffernan, J., concur for reversal and vote to remit the matter to the board for the purpose of an award against the employer and the carrier, in an opinion by Hill, P. J., in which Heffernan, J., concurs.
Decision reversed, on the law, with costs against the Workmen’s Compensation Board, and matter remitted to the Workmen’s Compensation Board for consideration solely against the Special Fund. [See post, p. 939.]